UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TONY C. FRANKLIN,**

          **Petitioner,**

          v.                                  Case No. 15-CV-1309

**BRIAN FOSTER[1],**

          **Respondent.**

### ORDER ON RESPONDENT'S MOTION TO DISMISS

Currently before the court is respondent Brian Foster's motion to dismiss Tony C. Franklin's petition for writ of habeas corpus. (ECF No. 11.) Franklin filed a response brief which, for all intents and purposes, operates as a motion for a stay and abeyance of his petition while he exhausts his state court remedies. Therefore, the court shall herein address Franklin's motion before further issuing an order on respondent's motion to dismiss.

---

[1] Records of the Wisconsin Department of Corrections state that petitioner Tony C. Franklin is currently incarcerated at Waupun Correctional Institution, http://offender.doc.state.wi.us/lop/, and the warden of this institution is Brian Foster, http://doc.wi.gov/families-visitors/find-facility/columbia-correctional-institution (last visited Oct. 27, 2016). Therefore, in accordance with Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the caption is updated accordingly.

**Background**

On December 8, 2010, a jury found Tony C. Franklin guilty of armed robbery. (ECF No. 1 at 14.) Franklin began the appellate process with attorney Richard H. Hart serving as his appellate counsel. (ECF No. 12-2.) On January 4, 2012, Franklin requested that Hart withdraw as his appellate counsel and that Franklin be allowed to proceed with his appeal pro se. (ECF No. 12-2 at 3.) In his January 11, 2012 motion to withdraw, Hart explained that he and Franklin disagreed on whether there were any meritorious issues to appeal. (ECF No. 12-2 at 2.) Hart stated that he had informed Franklin of his options under a no-merit appeal procedure but that Franklin elected to proceed with his appeal pro se. (ECF No. 12-2 at 2.)

On February 10, 2012, Hart's motion to withdraw as counsel was granted by the trial court, with the hearing minutes reflecting that the court informed Franklin about the difficulties of proceeding with pro se representation while incarcerated. (ECF No. 17-1 at 5.) On two subsequent occasions Franklin asked the Wisconsin Court of Appeals to appoint a new attorney to represent him (ECF Nos. 12-3 and 12-7), sandwiched around a request by Franklin that the court "reinstate Attorney Hart." (ECF No. 12-4.) Hart was not willing to accept a new appointment to represent Franklin (ECF No. 12-5), and the Wisconsin Court of Appeals declined to appoint new counsel to represent him. (ECF Nos. 12-3 and 12-7.) On February 12, 2014, the Wisconsin Court of Appeals denied Franklin's appeal. (ECF No. 12-1.)

2

On November 3, 2015, Franklin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 1.) Franklin's petition presents four grounds for relief: (1) he did not knowingly, voluntarily, and intelligently waive his Sixth Amendment right to counsel on his direct state appeal; (2) his Fourth Amendment rights were violated when the police unlawfully detained him without reasonable suspicion to believe that he had committed a crime; (3) his Fifth Amendment right to be free from self-incrimination was violated when he was questioned without being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); and (4) his trial attorney failed to meet the Sixth Amendment's guarantee of effective assistance of counsel when, at trial, counsel failed to object to the introduction of incriminating statements police obtained from Franklin during the stop. (ECF No. 1 at 6-9.)

On February 11, 2016, this court screened Franklin's petition pursuant to Rule 4 of the Rules Governing 28 U.S.C. § 2254 cases and ordered the respondent to answer or otherwise respond to the petition within 60 days. (ECF No. 7.) On April 8, 2016, respondent filed their motion to dismiss. (ECF No. 11.) On May 6, 2016, Franklin moved for an extension of time to respond as well as for an order requiring the state to produce the transcript of the February 10, 2012 hearing in the trial court regarding Hart's motion to withdraw as appellate counsel. (ECF No. 13.) This court granted petitioner's extension request but deferred ruling on the motion for the transcript until the

3

respondent had a chance to respond to the motion. (ECF No. 14.) When the respondent did not respond to Franklin's motion regarding the transcript within 21 days as required under the court's local rules, *see* Civ. L.R. 7(b), the court granted Franklin's motion as unopposed, *see* Civ. L.R. 7(d). (ECF No. 16.) The court ordered the respondent to produce the February 10, 2012 transcript by June 23, 2016. (ECF No. 16.)

On June 21, 2016, the respondent advised the court that it could not produce the February 10, 2012 transcript because no transcript had ever been prepared. (ECF No. 17.) The court declined to order the respondent to pay for a transcript to be prepared and produced because it would have been Franklin's responsibility to obtain a transcript had he presented his denial of appellate counsel claim to the state courts. (ECF No. 19 at 1.) On August 11, 2016, Franklin submitted his brief in opposition to the motion to dismiss, which the court is presently considering as a motion for a stay and abeyance of his petition. (ECF No. 20.) The matter, being fully briefed and the court having received the consent of all the parties (ECF Nos. 4, 10), is now ready for resolution.

**Mixed Petition**

Franklin admits that he did not exhaust his available state court remedies on his first claim—namely, that he did not knowingly, voluntarily, and intelligently waive his Sixth Amendment right to counsel on his direct state appeal. (ECF No. 20 at 1.) Generally, before a petitioner may seek habeas corpus relief in federal court he must

4

first exhaust all avenues for relief that are available in the state courts. 28 U.S.C. § 2254(b)(1)(a); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Franklin concedes that he has not exhausted all state court remedies on his first claim, his petition is "mixed" in that it contains both exhausted and unexhausted claims. *See Lisle v. Pierce*, 832 F.3d 778, 785 (7th Cir. 2016).

Federal law generally dictates that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Thus, mixed petitions often leave a petitioner with two practical options: either (1) withdraw the unexhausted claim, thereby enabling the court to consider the merits of his exhausted claims, but foregoing the opportunity to have a federal court consider the unexhausted claim, or (2) ask the court to stay the federal proceedings and hold his petition in abeyance while he returns to state court to exhaust his unexhausted claim.

Stay and abeyance, however, is a rarely-invoked procedure whose scarcity is intended to promote the congressional aims of efficiency and finality of state court judgments. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. "Moreover, even if a petitioner had good cause for that failure, the district court would

5
Case 2:15-cv-01309-WED   Filed 10/28/16   Page 5 of 8   Document 22

abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

Franklin asks this court to issue a stay of his petition and hold his petition in abeyance so that he can return to state court and exhaust his unexhausted claim. To obtain a stay, Franklin must show that (1) good cause exists for his failure to present his claim to the state courts; (2) his unexhausted claim is potentially meritorious; and (3) he did not engage in intentionally dilatory litigation tactics. *Rhines*, 544, U.S. at 277.

Franklin's alleged "good cause" for failing to exhaust his first claim in state court is that he cannot obtain a copy of the February 10, 2012 transcript because he is indigent and cannot afford to have one made. However, Franklin does not explain why he needed a copy of the transcript before he could file a post-conviction motion in state court. Section 974.06 of the Wisconsin Statutes does not require a transcript to begin a constitutional challenge to a conviction, nor does Franklin say that the state prevented him from commencing a post-conviction action because he did not have a copy of the February 2012 transcript.

Had Franklin sought state post-conviction relief on his appellate counsel claim, he could have moved the circuit court, under *State ex rel. Girouard v. Circuit Court*, 155 Wis.2d 148, 454 N.W.2d 792 (1990), for a free transcript. Under *Girouard*, Franklin would be entitled to the February 2012 transcript if he could prove he is indigent and that his claim has arguable merit. *See also State v. Blunt*, 2014 WI App 1, ¶ 14, n. 2, 352

6

Wis. 2d 246, 841 N.W.2d 580; *State v. Brown*, 2006 WI App 101, ¶ 5, 293 Wis. 2d 262, 715 N.W.2d 240.

But Franklin has not made these demonstrations. Instead, he argues the merits of his claim that he should not have been deemed competent to knowingly, intelligently, and voluntarily waive his right to appellate counsel. But whether Franklin's Sixth Amendment claim is meritorious is separate from the issue of whether good cause exists for not pursuing the claim in state court; even "mixed" petitions with clearly meritorious claims may fail *Rhines* for lack of good cause. *See Eison v. Baenen*, No. 12-CV-932, 2013 WL 1067989, at *2 (E.D. Wis., Mar. 14, 2013).

For those reasons, and because the difficulty of pro se representation while incarcerated does not alone constitute good cause for failing to meet procedural requirements required by statute, *see Eison*, 2013 WL 1067989, at *3 (citing *Johnson v. Huibregtse*, 07-cv-674, 2008 WL 4621345, at *7 (W.D. Wis. Mar. 14, 2008)), this court finds that Franklin's alleged inability to acquire the February 2012 transcript does not constitute good cause for failing to exhaust his state court remedies on his appellate counsel claim. Franklin's request for a stay and abeyance shall be **denied.**

Because the court has decided to construe Franklin's "response" to the respondent's motion to dismiss as a separate motion for stay and abeyance, Franklin will be given a chance to respond to respondent's motion to dismiss. Franklin must now decide how to proceed. Commonly, a litigant chooses to withdraw his unexhausted

claims, which allows the federal court to adjudicate the properly exhausted claims. A litigant may also withdraw his entire petition and refile it once his unexhausted claim has been presented fully in the state courts. Any option that involves completely withdrawing the current petition, however, will subject the petitioner to further hurdles imposed by AEDPA's statute of limitations (28 U.S.C. § 2244(d)(1)) and AEDPA's restrictions on second and successive habeas petitions. *See* 28 U.S.C. § 2244(b). Other routes for proceeding may be available to Franklin, and the court will decline to prescribe any particular option. Franklin must decide for himself how he would like to proceed in responding to the motion to dismiss. If Franklin takes no further action, his petition will be dismissed as a mixed petition.

**IT IS THEREFORE ORDERED** that Franklin's motion for a stay and abeyance of his petition shall be **denied.**

**IT IS FURTHER ORDERED** that Franklin respond to the respondent's motion to dismiss no later than **November 28, 2016.**

Dated at Milwaukee, Wisconsin this 28th day of October, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

8
Case 2:15-cv-01309-WED   Filed 10/28/16   Page 8 of 8   Document 22