# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY C. FRANKLIN,**

        **Petitioner,**

        v.                               Case No. 15-CV-1309

**BRIAN FOSTER,**

        **Respondent.**

## ORDER

Currently before the court is the petitioner's motion to voluntarily dismiss his petition for writ of habeas corpus or, alternatively, to grant him a stay and abeyance to exhaust his state court remedies. (ECF No. 25.) As discussed more fully in this court's previous Order denying petitioner's motion for a stay and abeyance (ECF No. 22), Franklin's petition contains an unexhausted claim. For the reasons discussed in that Order, a stay and abeyance is not appropriate here, and his renewed motion is denied.

The court ordinarily would grant Franklin's alternative motion to dismiss his petition without prejudice. However, because Franklin is proceeding pro se, consistent with the court's suggestion in *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015), the

court finds "the spirit of legal justice would seem to require that someone inform those litigants of the rudiments of federal procedure."

Because there is a strict one-year deadline for filing a habeas corpus petition, dismissing the current petition, even without prejudice, will likely mean that Franklin will never be able to seek habeas corpus relief for any claim related to his current incarceration. Although "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year deadline, 28 U.S.C. § 2244(d)(2), the time that a federal habeas corpus petition is pending is *not* excluded. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Franklin's petition has been pending for more than a year. It is very likely that any refiled petition would be untimely and therefore time-barred.

The court also finds it prudent to caution Franklin of the possibility that, depending upon the specific facts and circumstances of his case, a court might find a later petition barred under 28 U.S.C. § 2244 as a second or successive petition. *But see Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (holding that habeas petitions filed after a previous petition has been dismissed on exhaustion grounds is not a "second or successive" petition).

The court having denied Franklin's motion to stay these proceedings and hold his petition in abeyance, it is unlikely that Franklin will ever be able to obtain habeas

2

relief as to his unexhausted claim (Ground One). However, Franklin could move to dismiss his unexhausted claim (Ground One) and proceed with his exhausted claims (Grounds Two, Three, and Four). Franklin could still pursue relief in state court on his unexhausted claim (Ground One).

With these consequences more fully set forth, the court will allow Franklin to decide how he would like to proceed.

**IT IS THEREFORE ORDERED** that Franklin shall inform the court no later than **December 23, 2016** whether he would like to proceed with his motion to dismiss. Unless the court receives notice from Franklin by that date that he is withdrawing his motion to dismiss, the court will dismiss the case.

Dated at Milwaukee, Wisconsin this 12th day of December, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge