# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY C. FRANKLIN,**

                **Petitioner,**

        v.                                                   Case No. 15-CV-1309

**BRIAN FOSTER,**

                **Respondent.**

## ORDER ON RESPONDENT'S MOTION TO DISMISS

On November 3, 2015, Tony C. Franklin, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Franklin's petition presented four grounds for relief: (1) he was denied his Sixth Amendment right to counsel on his direct state appeal; (2) he was stopped by police without reasonable suspicion, in violation of the Fourth Amendment; (3) police violated his Fifth Amendment right to be free from self-incrimination during the stop; and (4) his trial attorney failed to meet the Sixth Amendment's guarantee of effective assistance of counsel when, at trial, the attorney failed to object to the introduction of incriminating statements police obtained from Franklin during the stop. (ECF No. 1 at 6-9.)

This court screened Franklin's petition pursuant to Rule 4 of the Rules Governing 28 U.S.C. § 2254 cases and ordered that the respondent answer within 60 days. (ECF No. 7.) On April 8, 2016, respondent filed the present motion to dismiss. (ECF No. 11.) Rather than responding to the motion, Franklin asked the court to order the respondent to produce a particular transcript and then twice moved for an extension of time to respond to the motion to dismiss. (ECF No. 13, 15.) The court granted Franklin's requests for extension of time and asked the respondent for his view as to the availability and relevance of the transcript. (ECF No. 14.) When the respondent did not respond to Franklin's motion for production of the transcript the court granted the motion as unopposed and ordered the respondent to provide the transcript. (ECF No. 16.) Only then did the respondent inform the court that a transcript was unavailable and argued that the transcript was irrelevant. (ECF No. 17.) Upon reconsideration the court denied Franklin's request for the transcript. (ECF No. 19.)

On August 11, 2016, Franklin submitted what he characterized as his reply to the respondent's motion to dismiss. (ECF No. 20.) However, in his brief Franklin addressed only Ground One of his petition and argued that the court should stay the proceedings and hold his petition in abeyance while he exhausted his remedies in state court. (ECF No. 20.) In light of Franklin's pro se status the court found it best to construe his brief as a motion for stay and abeyance. The court denied the motion and gave Franklin additional time to respond to the motion to dismiss. (ECF No. 22.)

On December 8, 2016, Franklin filed a motion to dismiss his petition without prejudice or to stay the petition. (ECF No. 25.) The court again denied the motion to stay but, consistent with *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015), found it necessary to inform the pro se petitioner of the consequences if the court were to grant his motion to dismiss. (ECF No. 26.) The court gave Franklin time to decide whether he wanted to dismiss his entire petition or to dismiss only ground one, which was undisputedly unexhausted, and have the court consider the merits of the other grounds in the petition. (ECF No. 26.) Franklin responded that he wanted to dismiss only ground one and proceed with the other grounds, for which he had exhausted his state court remedies. (ECF No. 27.)

As a result, the court dismissed ground one of the petition. (ECF No. 29.) However, despite all the back-and-forth with Franklin, he still had not responded to the merits of the respondent's motion to dismiss. The court gave him one final opportunity to do so. (ECF No. 29.) He did not respond by the deadline set by the court. Therefore, the motion to dismiss is now ready for resolution. All parties have consented to the full jurisdiction of a magistrate judge. (ECF No. 4, 10.)

**I.      Standard of Review**

A federal court may consider habeas relief for a petitioner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Following the passage of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Miller v. Smith*, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. § 2254(d)(1)-(2)). It is not enough for the federal court to conclude that the state court's decision was incorrect. *Carter v. Butts*, 760 F.3d 631, 635 (7th Cir. 2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000); *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002)). Rather, the decision of the state court must have been unreasonable. *Id.* In the context of a decision that is allegedly contrary to clearly established federal law, the petitioner must show that "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011)).

**II.     Ground Two: Stopped Without Reasonable Suspicion**

Franklin asserts that the police did not have reasonable suspicion to stop him. However, habeas relief is generally not available for alleged violations of the Fourth Amendment. *Stone v. Powell*, 428 U.S. 465, 494 (1976). A federal court may consider a Fourth Amendment claim in a habeas petition only if the state failed to provide the petitioner with "an opportunity for full and fair litigation of a Fourth Amendment claim." *Id.*

4

Franklin has made no effort to rebut the respondent's contention that he had a full and fair opportunity to litigate the constitutional propriety of the police officers' investigatory stop. The Wisconsin Court of Appeals used relevant state court precedent (*State v. Vorburger*, 2002 WI 105, ¶74, 255 Wis.2d 537, 648 N.W.2d 829 (*citing Terry v. Ohio*, 392 U.S. 1, 30 (1968)); *State v. Post*, 2007 WI 60, ¶13, 301 Wis.2d 1, 733 N.W.2d 634), which laid out the applicable Fourth Amendment principles and relied upon evidence which, in its view, established that the officers had reasonable suspicion to stop Franklin. (ECF No. 1 at 19, ¶ 7.) The court concludes that Franklin had a full and fair hearing on the merits of his Fourth Amendment claim in the Wisconsin courts and *Stone* precludes this court from reaching its merits. *See Monroe v. Davis*, 712 F.3d 1106, 1116 (7th Cir. 2013). Ground Two of the petition will be dismissed.

**III.     Ground Three: *Miranda***

Franklin's petition next contends that after he was arrested for possessing a BB gun he was questioned by police without being advised of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

As recounted in the court of appeals' decision, police officers had reviewed surveillance video of an armed robbery. (ECF No. 1, at 17, ¶ 3.) When the officers saw Franklin in the area of the robbery a few days later they noted that his "physical appearance and unique attire matched that of the robbery suspect." (ECF No. 1 at 17, ¶ 3.) An officer stopped Franklin and

> said he needed to speak with him about "an incident that occurred" but mentioned no specific event. He asked Franklin only if he had any weapons. Franklin said he had a BB gun. [The officer] handcuffed him. Franklin then asked him, "[I]s everything okay, was there a robbery or something?" [The officer] told Franklin he was being detained for questioning.

(ECF No. 1 at 17, ¶ 3.)

A person is entitled to the *Miranda* warnings only if he is "in custody" and subject to "interrogation." Both of those requirements are terms of art. A person can be detained without being "in custody," *see, e.g., Berkemer v. McCarty*, 468 U.S. 420, 441 (1984), and a person can be questioned without being "interrogated," *see, e.g., Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

In his petition Franklin asserts, "In response to un-Mirandized questions, Franklin purportedly blurted out, "If everything okay? Was there a robbery or something?" (ECF No. 1 at 8.) He does not further develop this claim. Significantly, he offers no basis for the court to conclude that the state court findings of fact were wrong. Thus, the court must accept as true the facts presented in the court of appeals' decision. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.")

As recounted by the court of appeals, Franklin's statement about a robbery was volunteered and not in response to interrogation by law enforcement. Therefore, at the time he made the statement about a robbery he was not entitled to *Miranda* warnings

6

and it was not error to admit his statement at trial. Consequently, Franklin is not entitled to relief as to this claim.

## IV.     Ground Four: Ineffective Assistance of Trial Counsel.

Lastly, Franklin's petition alleges that his trial counsel was ineffective for "failing to move to suppress the un-mirandized statement concerning the robbery in response to the arrest on the street after Franklin admitted he possessed a BB gun once detained." (ECF No. 1 at 9.) Franklin claims that he was prejudiced because without this statement there was no direct evidence linking Franklin to the crime. (ECF No. 1 at 9.)

"*Strickland v. Washington*, 466 U.S. 668, 687 (1984), establishes a two-prong test for ineffective assistance of counsel claims: the defendant must first demonstrate that his counsel's performance was deficient, and, second, that counsel's deficient performance prejudiced him." *Mertz v. Williams*, 771 F.3d 1035, 1041 (7th Cir. 2014). When the court is reviewing a claim of ineffective assistance of counsel by way of a petition for a writ of habeas corpus, the court's review is doubly deferential. *Campbell v. Smith*, 770 F.3d 540, 547 (7th Cir. 2014) (citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). The *Strickland* standard is by itself deferential, and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Mertz*, 771 F.3d at 1042 (quoting *Strickland*, 466 U.S. at 689). When reviewed in the habeas context, another layer is added. Not only must the attorney's actions be outside "prevailing professional norms," but the question becomes "whether there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard" such that no reasonable jurist could disagree that counsel's performance was deficient. *See Campbell*, 770 F.3d at 547; *Harrington*, 562 U.S. at 105.

Franklin has not met this heavy burden. As noted above, his statement was not the product of custodial interrogation. Therefore, he was not entitled to *Miranda* warnings. As a result, a motion to suppress would have been unsuccessful.

To the extent Franklin may be attempting to re-present his Fourth Amendment claim through the lens of ineffective assistance of counsel, he fares no better. As the court of appeals noted, there was ample reasonable suspicion to support an investigatory stop. Not only did Franklin share the physical characteristics of the robber depicted in the surveillance video but his jacket was "distinctive" and matched that of the robber. This, combined with the fact that he was observed in the area of the robbery, was sufficient suspicion to support the officer's stop. (ECF No. 1 at 20, ¶ 9.)

As the Wisconsin Court of Appeals noted in denying Franklin's claim, "Not pursuing a meritless motion or argument does not constitute deficient performance." (ECF No. 1 at 20, ¶ 9.) Not only was it appropriate for counsel to forego a motion to suppress, but because the motion would have been denied, Franklin necessarily was not prejudiced. Therefore, Franklin fails as to both prongs of *Strickland* and this ground must likewise be dismissed.

Finally, in accordance with 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Cases, the court finds that Franklin has failed to make a substantial showing of a denial of a constitutional right. Therefore, the court denies him a certificate of appealability.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss is **granted**. The petitioner's petition for writ of habeas corpus is hereby **dismissed.** The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of February, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge